UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SMITH,

                Petitioner,                Case No. 1:13-cv-13

v.                                            Honorable Robert Holmes Bell

SHIRLEE HARRY,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES;[1] *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

---

[1] The Rules Governing § 2254 Cases also may be applied to petitions filed under § 2241. *See* Rule 1(b), RULES GOVERNING § 2254 CASES.

**Factual Allegations**

Petitioner is incarcerated at the Pugsley Correctional Facility. Petitioner was convicted in the Monroe County Circuit Court of three counts of delivery/manufacturing less than fifty grams of a controlled substance. The trial court sentenced him on April 6, 1993, to concurrent prison terms of two to twenty years. Petitioner was released on parole, but was charged with violating his parole following an incident involving a neighbor that occurred on January 30, 2012. Petitioner received notice of the following parole violations on February 14, 2012:

1. On or about 01/30/2012, you were involved in behavior which constitutes a violation of Michigan law when you were in possession of a firearm.

2. On or about 01/30/12, you were involved in behavior which constitutes a violation of Michigan law when you unlawfully discharged a firearm.

3. On or about 01/30/12, you were involved in behavior that was assaultive, abusive, threatening and/or intimidating by unlawfully discharging a firearm in an effort to intimidate the occupants of an apartment.

4. On or about 01/30/12, you engaged in behavior that was assaultive, abusive, threatening, and/or intimidating by banging on Dawan Thurmond's door with a firearm in your possession and threatening to shoot through the door.

5. On or about 01/30/12, you did have in your possession a firearm.

(Pet., ¶ 8, docket #1, Page ID#3.) Petitioner also was charged with a technical rule violation for violating his curfew. In addition to the parole violation charges, Petitioner was criminally charged in the Wayne County Circuit Court with felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; felonious assault, MICH. COMP. LAWS § 750.82; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.

Following a trial in June 2012, Petitioner was found not guilty on the criminal charges. The parole revocation hearing was held the following month. The hearing officer dismissed Counts

1 and 2, found Petitioner not guilty of Count 4, but guilty of Counts 3 and 5. As a result of the guilty finding on Counts 3 and 5, the parole board issued a sixty-month continuance of Petitioner's parole. Petitioner contends that because he was acquitted of the criminal charges, the parole board lacked the authority to find him guilty of parole violations arising from the same events. Petitioner seeks release from his alleged unconstitutional incarceration.

### Discussion

In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. The minimal due process requirements at the revocation hearing stage include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489. The due process requirements for a revocation hearing defined in *Morrissey* are codified in MICH. COMP. LAWS § 791.240a. Petitioner does not contend that he was deprived of any of the protections listed above. He claims only that the parole board did not have the authority to revoke his parole after he was acquitted of the criminal charges. However, the *Morrissey* court emphasized that the parole revocation hearing should not be equated with a full criminal prosecution. *Id.* Because the revocation of parole is not part of a criminal prosecution, parolees are not entitled to the full panoply of rights given to defendants in criminal proceedings. *Id.* at 480. For example,

-3-

*Morrissey* states that the parole revocation process "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id*. at 489. Thus, hearsay may be considered at revocation hearings if it is proven to be reliable. *See United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991). Moreover, unlike criminal proceedings, a parolee need not be found guilty beyond a reasonable doubt before having his parole revoked; rather, the revocation of parole is proper when supported merely by reasonable grounds. *Morrissey*, 408 U.S. at 490. As a consequence, a criminal acquittal does not bar a subsequent parole revocation proceeding. *Steinberg v. Police Court of Albany*, 610 F.2d 449, 451-52 (6th Cir. 1979); *Hopkins v. Tate*, No. 89-3055, 1989 WL 63271, at *1 (6th Cir. June 14, 1989); *Barnes v. U.S. Parole Bd.*, No. 85-1440, 1985 WL 14115, at *1 (6th Cir. Dec. 4, 1985); *see also Taylor v. United States Parole Comm'n*, 734 F.2d 1152, 1155 (6th Cir. 1984) (holding that the parole board may find a parole violation based on its own conclusion that new criminal activity occurred, even if the parolee was acquitted of the underlying criminal charges). Petitioner, therefore, fails to raise a meritorious federal claim arising from the revocation of his parole.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: January 17, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE